UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22cv60835

ARDAGH METAL PACKAGING
USA CORP. f/k/a ARDAGH METAL
BEVERAGE USA INC.,

        Plaintiff,

vs.

VITAL PHARMACEUTICALS, INC.
d/b/a BANG ENERGY and QUASH
SELTZER, LLC d/b/a MIXX HARD
SELTZER,

        Defendants.

## COMPLAINT

Ardagh Metal Packaging USA Corp. f/k/a Ardagh Metal Beverage USA Inc. ("Ardagh") alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.  Ardagh is owed not less than $11,153,169.91 plus interest by Vital Pharmaceuticals, Inc. d/b/a Bang Energy ("Bang") and Quash Seltzer, LLC d/b/a Mixx Hard Seltzer ("Mixx") (collectively, Bang and Mixx the "Defendants") in connection with sales of goods by Ardagh to Defendants pursuant to agreements between the parties where Ardagh specially manufactured and supplied Defendants with beverage cans essential to Defendants' business. Ardagh is seeking a judgment against Defendants for such amounts in this action.

## PARTIES

2. Ardagh is a corporation organized and existing under the laws of the State of Delaware, duly authorized to do business in the State of Florida, with a principal place of business in Chicago, Illinois.

3. Defendant Bang is a corporation organized under the laws of the State of Florida with a principal place of business in Pembroke Pines, Florida.

4. Defendant Mixx is a limited liability company organized under the laws of the State of Florida with a principal place of business in Pembroke Pines, Florida.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds $75,000, exclusive of interest and costs and is between citizens of different states.

6. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C. § 1391 because Defendants reside, and separately because a substantial part of the events or omissions giving rise to the claims occurred, in this judicial district.

## GENERAL ALLEGATIONS

7. Ardagh is a leading global manufacturer and supplier of aluminum beverage can products, including in the United States, Europe and South American.

8. Bang is a division of and d/b/a for Vital Pharmaceuticals, Inc., and conducts business as Bang Energy, Meltdown, Redline and VPX. Bang products are sold throughout the United States, Canada and Europe through retailers and a distribution system reaching retail customers throughout the United States, Canada and Europe.

9. Ardagh and Defendants began doing business in March 2020.

10. Pursuant to the parties' agreements, including Ardagh's Terms and Conditions of Sale ("Ardagh TCs"), and based upon purchase orders for goods from Defendants, Ardagh manufactured, invoiced and delivered aluminum beverage cans (the "Cans") to Defendants, and Defendants agreed to pay Ardagh for the Cans supplied.

11. The Cans were custom-printed with label artwork that is specific to the Defendants' products. The Cans cannot be used for any other customer.

12. Defendants accepted the Cans delivered by Ardagh, and utilized the Cans in Defendants' production of energy drinks, which were in turn sold to Defendants' customers.

13. Despite the foregoing, Defendants have failed to pay Ardagh amounts owed to it pursuant to its invoices to Defendants.

14. Defendants owe Ardagh not less than $5,796,066.91 for the Cans sold and delivered pursuant to invoices dated from November 3, 2021 to April 5, 2022 (the "Unpaid Invoices"), which are specifically listed on Exhibit A attached hereto and incorporated by reference.

15. Based upon Defendants' purchase orders or sales projections, Ardagh purchased raw materials and specially manufactured the Cans for sale to Defendants.

16. Defendants have failed and refused to accept delivery of a significant quantity of the Cans specially manufactured for Defendants. Ardagh currently is in possession of approximately 22,298,704 Cans specially manufactured for Defendants with an invoice value of not less than $3,200,320.

17. The Ardagh TCs specifically state that "Buyer [Defendants] shall be liable for charges (including storage) related to any inventory of Cans becoming 90 days of age that have

3

been produced … but not delivered to Buyer because of Buyer's direction or default[.]" Under this provision, Defendants are liable for the charges associated with the undelivered inventory.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

18. Ardagh repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

19. That all terms and conditions of the parties' agreements have been satisfied by Ardagh.

20. Despite demand made by Ardagh, Defendants have breached the parties' agreements as a result of Defendants' failure to pay to Ardagh amounts owed to Ardagh pursuant to invoices listed on Exhibit A referenced above in the amount of $5,796,066.91.

21. Ardagh has incurred additional damages as the result of Defendants' breach of the parties' agreements by failing to take delivery of and lost sales for specifically manufactured aluminum beverage cans, currently held by Ardagh, with an invoice value of not less than $3,200,320, and failure to return the dunnage on which the Cans were placed at a value of not less than $2,156,783.

22. In addition, as a result of Defendants' breach of contract set forth above, and pursuant to the parties' agreements, Ardagh is entitled to recover from Defendants interest at the per annum rate of 5.5% from the date of default in payment of the invoices until paid, which as of the date of this Complaint totals $72,128.25 and continues to accrue at $900.38 per diem.

23. In addition, as a result of Defendants' breach of contract set forth above, and pursuant to the parties' agreements, Ardagh is further entitled to recover from Defendants costs and Ardagh's reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
### (Unjust Enrichment/Quantum Meruit)

24. Ardagh repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

25. Defendants ordered and voluntarily accepted the Cans furnished by Ardagh with knowledge or reason to know that Ardagh expected to be paid.

26. During and since the Cans were furnished by Ardagh, Defendants have failed to pay Ardagh in full for the Goods provided by Ardagh.

27. Ardagh did not provide the Cans as a gift to Defendants.

28. At all times prior to the delivery of the Cans, Ardagh expected to be paid by Defendants for the Cans sold and delivered to them. Furthermore, Ardagh notified Defendants that payment for the Cans was past due.

29. As a result of Defendants' failure and refusal to pay Ardagh in full for the goods furnished by Ardagh, Defendants have become unjustly enriched in the amount of at least $5,796,066.91.

## THIRD CAUSE OF ACTION
### (Specific Performance – Payment for Goods)

30. Ardagh repeats and re-alleges the allegations set forth in the previous paragraphs as if fully set forth herein.

31. The parties' agreements provide that Defendants shall pay Ardagh's invoices to Defendants in accordance with their terms.

32. Ardagh has complied with all of its duties under the parties' agreements.

33. Despite demand, Defendants have failed and refused to pay for the Cans referenced in the Unpaid Invoices.

34. In accordance with the parties' agreements, Ardagh is entitled to payment in full of the Unpaid Invoices.

35. Unless the relief of specific performance is granted at this time, Ardagh will not be adequately secured for Defendants' obligations under the parties' agreements and Ardagh will suffer irreparable harm.

36. Ardagh is entitled to an order of specific performance requiring Defendants to immediately pay the Unpaid Invoices in full; to pay Ardagh $3,200,320 for specially manufactured inventory; to pay Ardagh not less than $2,156,783 for failure to return the dunnage on which the Cans were placed; to pay Ardagh interest at the contract rate; and to pay to Ardagh all costs and reasonable attorneys' fees.

**WHEREFORE**, Ardagh respectfully requests that the Court enter Judgment as follows:

1. That Ardagh have and recover judgment and damages against Defendants in an amount not less than $11,153,169.91, interest at the contract rate of 5.5% per annum from the date(s) of default by Defendants in failing to pay Ardagh's unpaid invoices, in the amount of $72,128.25 as of the date of this Complaint, plus per diem interest hereafter of $900.38, and pre- and post-judgment interest at the maximum rate permitted by law;

2. That the Court award all costs associated with this action to Ardagh including Ardagh's reasonable attorneys' fees against Defendants;

3. That the Court grant Ardagh such other and further relief, including equitable or injunctive relief, as is just and proper under the circumstances.

### JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff respectfully requests a jury trial on all issues so triable.

Dated:  April 29, 2022                    Respectfully submitted,

                                                   SHUMAKER, LOOP & KENDRICK, LLP

<u>*/s/ Ronald Bruckmann*</u>
David H. Conaway (NC Bar #10648)
*Pending Admission Pro Hac Vice*
Ronald D.P. Bruckmann (FL Bar #84912)
101 S. Tryon Street, Suite 2200
Charlotte, NC  28280
Telephone:  704.375.0057
dconaway@shumaker.com
rbruckmann@shumaker.com

*Attorneys for Ardagh Metal Packaging USA Corp.*
*f/k/a Ardagh Metal Beverage USA Inc.*

7